In the Matter of the Claim of SIDNEY SCHORR, Respondent, against COMMODORE CATERING, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant was under treatment for tuberculosis from 1942 to 1943 and returned to work as a hotel manager and president of the employer corporation after treatment. The hotel did a summer seasonal business but did an off season banquet and week-end business. Due to the illness for two months in off season of claimant's mother, who managed the kitchen, additional work was done by claimant in the spring of 1950. The average daily attendance at the business by the claimant-manager is shown, but how much "additional work" he actually did due to his mother's absence is not demonstrated in the record. On May 27th claimant carried a case of champagne and felt "very severe pains and I felt ill". The board made an award to claimant, but did not find a specific accident. It found merely that "As a result of the increased work activities * * * he suffered a reactivation of the dormant tubercular condition". This is not a finding of an industrial accident, or, indeed, of any accident. The statute is specific that injury means "only accidental" injury. The medical proof in support of the claim did not clearly or specifically attribute

the reactivation of the tuberculosis as due to carrying a case of champagne, but attributed the reactivation to an "excess of work * * * ·climaxed" by carrying champagne. The hypothesis on which this answer was based did not segregate the purported accidental causation. The physician, as a further "speculative" and "personal opinion" felt that carrying the champagne would be a "factor" in the reactivation. No proof suggests the nature of the "strain" or how it could be related in physiological causation to tuberculosis of the lungs. When this record is considered as a whole, therefore, we think the substantial evidence does not show the accidental association between reactivation of the tuberculosis and the work claimant was doing, even if this had been actually found by the board; but we do not, of course, preclude the board on this issue. Award reversed and the claim remitted to the Workmen's Compensation Board for its further consideration, with costs to appellants against the Workmen's Compensation Board. Foster, P. J., Bergan, Coon and Halpern, JJ., concur; Imrie, J., dissents, and votes to affirm.